# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
### AT LOUISVILLE

**RONDAL F. HONEYCUTT,**
                           **Plaintiff**

**v.**                                          **Civil Action No.**
                                                 **3:04CV746-J**

**JO ANNE B. BARNHART, Commissioner**
 **Social Security Administration,**
                           **Defendant**


## <u>MEMORANDUM AND ORDER</u>

This matter is before the Court on the Commissioner's motion to dismiss or for summary judgment on grounds of late filing of his complaint.  It is undisputed that counsel signed the complaint on December 21 and bears a "filed" stamp dated December 28, 2004; it is also undisputed that a December 21 filing would be timely, but a December 28 filing would be late. The question presented here is when the document was actually tendered to the United States District Court Clerk.[1]

Plaintiff has submitted the notarized affidavit of law office employee Rene Mattingly, who swears that she personally traveled from Bardstown to Louisville on December 21, 2004, that she arrived after the District Clerk's office closed for the day, and that she placed the complaint in the "late filing box."  Defendant does not deny that placing the document in the "late filing box" would be sufficient to toll the running of the statute, but she questions whether

---

[1] We note in passing that conflicts such as this can be avoided in the future by use of the electronic filing system.

1

it was actually placed there on December 21.  Defendant has submitted the affidavit of Chief Deputy Clerk William Clark concerning the dates of office closure (because of extreme winter weather and Christmas holidays) and concerning the customary procedure regarding "late filing box" documents.  He has also provided his recollection concerning his directive to another employee to check the late filing box before leaving on December 21.   Defendant argues that the procedures described would have resulted in a "filed" stamp of December 22 if the document had been placed in the outside box on December 21.  Since such a stamp does not appear, defendant argues that he document was not placed in the box on December 21.

This Court's experience has shown that frequently the best route to the actual truth involves attempting to reconcile testimony rather than rejecting one witness in favor of another. While the evidence here appears at first glance to directly conflict, closer inspection suggests this is not the case.  Mr. Clark testified from personal knowledge regarding his office's procedures and the directives he gave to employees.  He described commendable procedures designed to accommodate both the needs of litigants and the safety of his employees during a dangerous winter storm.  The Court notes, however, that Mr. Clark claims no personal knowledge concerning the document in issue in this case.  Furthermore, while it would not be within his personal knowledge, he also did not attempt to offer hearsay testimony regarding the complaint in this case, nor have we been offered the statement of any clerk's office employee who can testify to handling this particular document.   Ms. Mattingly, on the other hand, has presented her sworn statement that she personally placed this particular document in the filing box on the evening of December 21, 2004.

It is unnecessary for this Court to come to any conclusions about how the complaint

2

might have been overlooked in the late filing box or misplaced upon return to the Clerk's office. It is sufficient for our present purposes to state that the Court has no basis for concluding that anyone who presented a statement herein has sworn falsely.

Accordingly,

IT IS ORDERED that defendant's motion to dismiss or for summary judgment is denied.

3